UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RIPAL PATEL, | ) |
| | ) |
| Plaintiff, | ) No. 4:17-CV-1639 RLW |
| | ) |
| v. | ) |
| | ) |
| LM GENERAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on LM General Insurance Company's Motion for Summary Judgment (ECF No. 14). This matter is fully briefed and ready for disposition.

## BACKGROUND

On January 11, 2016, Maulik Patel ("Maulik"), Plaintiff's husband, was killed by gunfire while stopped in traffic in his 2011 Hyundai Sonata ("Hyundai") near Goodfellow Boulevard and Interstate 70 in St. Louis, Missouri. (Defendant LM General Insurance Company's Statement of Uncontroverted Material Facts ("DSUMF"), ECF No. 16, ¶1). The occupants of an unknown vehicle fired several shots from the vehicle and hit Maulik and his Hyundai. (DSUMF, ¶2).

LM General Insurance Company ("LM General") issued a personal automobile policy to Maulik and Ripalben Patel, Policy Number AOS-248-282585-40 ("the Policy"), with effective dates April 1, 2016 through April 1, 2017. (DSUMF, ¶3). The Policy provides coverage for the Hyundai, including uninsured motorist coverage limits of $250,000 for "Each Person" and $500,000 for "Each Accident." (DSUMF, ¶4). The Policy contains the following language:

# UNINSURED MOTORISTS COVERAGE—MISSOURI

With respect to the coverage provided this endorsement, the provisions of the policy apply unless modified by the endorsement.

I. **Part C—Uninsured Motorist Coverage**

Part C is replaced by the following:

**INSURING AGREEMENT**

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured".

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

B. "Insured" as used in this Part means:

1. You.

2. Any "family member" who does not own an auto.

3. Any "family member" who owns an auto, but only while "occupying" "your covered auto".

4. Any other person "occupying" "your covered auto".

5. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1., 2., 3., or 4. above.

(DSUMF, ¶5).

The Policy contains the following language:

**DEFINITIONS**

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

(DSUMF, ¶6).

The named insureds listed on the Policy's Declarations are Malik Patel and Ripalben Patel. (DSUMF, ¶7). Both Maulik and Plaintiff qualify as "insureds" under the Uninsured Motorists Coverage part of the Policy. (DSUMF, ¶8). The Policy defines "uninsured motor vehicle", in part, as follows:

> C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type:
>
> \*\*\*
>
> 3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" without hitting:
>
>    a. You or any "family member";
>
>    b. A vehicle which you or any "family member" are occupying"; or
>
>    c. "Your covered auto".
>
>    If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We may request supporting evidence other than the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.
>
> \*\*\*

(DSUMF, ¶9). Here, the unidentified vehicle that the shooters occupied never hit or otherwise made physical contact with Maulik or his vehicle. (DSUMF, ¶10).

## DISCUSSION

### I. MOTION FOR SUMMARY JUDGMENT

#### A. Standard of Review

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

**B. Discussion**

Plaintiff seeks to recover uninsured motorist benefits based upon the shooting death of her husband, Maulik, in St. Louis, Missouri. Plaintiff's theory is that she is entitled to benefits from the uninsured motorist policy because the unidentified vehicle that the shooters occupied at the time of the shooting of her husband was an "uninsured motor vehicle" under the policy. At issue in this case is whether, under Missouri law,[1] liability for the shooting of Maulik arises out of the "use" of the uninsured motor vehicle. *See* ECF No. 15 at 6; ECF No. 19 at 2.

The Court holds, as a matter of law, that the accident at issue did not arise out of the "use" of the uninsured motorist vehicle. At most, the Court notes that the shots may have come from the uninsured motorist. However, that is not sufficient for uninsured motorist coverage. Missouri appellate courts have made clear that "use" of a vehicle cannot arise merely from the "situs" of an injury. *Walden v. Smith*, 427 S.W.3d 269, 272 (Mo. Ct. App. 2014); *Ward v. Int'l Indem. Co.*, 897 S.W.2d 627, 628–29 (Mo. Ct. App. 1995) ("Missouri cases interpreting 'use' require that the uninsured automobile be more than just the 'situs' of the injury; it must be the 'instrumentality' which caused the injury.") (citing *Lemmons v. Prudential Prop. & Casualty Ins. Co.*, 878 S.W.2d 853, 856 (Mo. App. 1994); *Steelman v. Holford*, 765 S.W.2d 372, 378 (Mo. App. 1989); *Brown v. Shelter Mutual Ins. Co.*, 838 S.W.2d 148, 151 (Mo.App.1992); *Cameron Mutual Ins. Co. v. Ward*, 599 S.W.2d 13, 15 (Mo. App. 1980)). That is,

---

[1] The insurance contract does not specify which state's law applies. However, the parties do not dispute that Missouri law applies to this action. *See* ECF No. 15 at 2; ECF No. 19 at 1 (noting that this dispute involves "Missouri interpretation of insurance policies"). The Court agrees that, applying conflict of law rules, Missouri appears to be the "principal location of the insured risk". RESTATEMENT (SECOND) OF CONFLICT OF LAWS §193.

> unless the facts of a case implicate a specific policy definition of 'use,' 'use' is a broad term which includes within its scope any means by which a vehicle may be employed or put into service consistent with its nature as a vehicle including, but not limited to, the operation of, driving of, or riding in a vehicle. ... Coverage requires that an accident causing injury 'arise out of the use' of a vehicle.

*Walden*, 427 S.W.3d at 277 (denying coverage under the uninsured motorist provision for a pedestrian who was bitten by a dog through the open window of a motorist's parked vehicle because "the uncontroverted facts could not establish the required causal relationship between the accident causing [the pedestrian's] injury and [the uninsured motorist's] use of his vehicle").

The Court holds that Maulik's injury did not arise out of the use of an uninsured motor vehicle. Specifically, Maulik's injury was not caused by an uninsured vehicle; the shots just happened to come from an uninsured vehicle. Because the Policy clearly provides that LM General will only pay uninsured motorist coverage for liability arising out of the "use" of an uninsured motor vehicle, the Court grants summary judgment in favor of LM General as a matter of law. *See Ward*, 897 S.W.2d at 629 ("Injuries inflicted on a victim of a drive-by shooting by the occupant of a motor vehicle are not injuries which arise out of the 'use' of the motor vehicle because the motor vehicle is merely the 'situs' or 'locus' of the cause of the victim's injuries and the discharge of the gun is unconnected to the inherent use of the motor vehicle.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that LM General Insurance Company's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 2nd day of May, 2018.

                                                                  **RONNIE L. WHITE**
                                                                  **UNITED STATES DISTRICT JUDGE**